UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD S. MERCER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  4:11CV02038 AGF |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion (Doc. No. 6) for an order to stay and hold his federal habeas petition in abeyance pending his exhaustion of a claim that he raised in a state habeas action.  For the reasons set forth below, Petitioner's motion shall be denied.

## Background

On May 5, 2008, a Missouri court entered its sentence and judgment of conviction against Petitioner on charges of statutory rape in the second degree and incest.  On direct appeal, in an opinion issued on May 4, 2009, the Missouri Court of Appeals affirmed Petitioner's convictions and sentences.  On June 29, 2009, Petitioner filed a pro se motion for state postconviction relief  under Missouri Supreme Court Rule 29.15.  The sole claim raised on the appeal of the denial of the postconviction motion was whether trial counsel was ineffective for objecting to a question regarding the lack of physical findings in a SAFE exam.  On January 27, 2011, the Missouri Court of Appeals affirmed the denial of

1

Petitioner's amended postconviction motion.

Petitioner filed his 20-count petition for a writ of federal habeas corpus on November 21, 2011. On December 1, 2011, he filed a petition for state habeas relief pursuant to Missouri Supreme Court Rule 91 raising several claims that he did or could have raised in state court in his direct appeal or motion for postconviction relief. One claim raised was that the prosecutor failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner failed to explain why he could not have raised this claim before. Petitioner filed the present motion on December 12, 2011. He states that several of his federal habeas claims were not exhausted and asks the Court to stay the action pending the state court's adjudication of his Rule 91 state habeas petition.

On January 31, 2012, Respondent filed a response to the Court's Order to show cause why habeas relief should not be granted. Respondent has also filed a response to the motion now under consideration. On June 13, 2012, the state trial court denied Petitioner's Rule 91 petition. https://www.courts.mo.gov/casenet, Case No. 11WA-CC00474.

## Discussion

The "stay and abeyance" procedure in habeas actions is used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims. Under this procedure, a federal district court may stay the habeas

2

action to allow the petitioner to present his unexhausted claims to the state court then return to federal court for review of his petition. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Stay and abeyance is only appropriate in limited circumstances, when the district court finds good cause for a petitioner's failure to exhaust his unexhausted claims in the state court. *Id.* at 277. Under Missouri law, a Rule 91 state habeas action may not be used to present claims which could have been raised on direct appeal or in a motion under Rule 29.15. *State ex rel. Green v. Moore*, 131 S.W.3d 803, 805 (Mo. 2004). Thus, as Respondent argues, here the claims at issue have been procedurally defaulted rather than unexhausted. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). As such, the court finds that Petitioner's motion for stay and abeyance of his federal § 2254 action should be denied. *See Boss v. Ludwick*, ___ F. Supp. 2d ___, 2012 WL 1513366, at *12-13 (N.D. Iowa May 1, 2012); *Evans v. King*, No. 10-4045 (SRN/SER), 2011 WL 3837090, at *4-5 (D. Minn. July 29, 2011) (Mag. Report & Recommendation adopted at 2011 WL 3837086 (Aug. 29, 2011)). When the Court reviews the merits of Petitioner's federal claims, the Court will determine whether he can overcome the procedural default on any defaulted claims.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for stay and abeyance is **DENIED**.  (Doc. No. 6.)

                                                                 *[signature]*
                                                       AUDREY G. FLEISSIG
                                                       UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2012.